CLINTON RAYNOR, APPELLANT, *v.* HARRISON GORDON, EXECUTOR, ETC., OF HENRY GORDON, DECEASED, AND THE SAID HARRISON GORDON, INDIVIDUALLY ,AND ROSILLA F., HIS WIFE, RESPONDENTS.

*Action by a judgment-creditor — to compel the foreclosure of a mortgage given to the deceased debtor, in his lifetime, by his executor.*

Where a mortgage given by an executor to his testator, prior to the latter's decease, is the only asset of the estate, and the executor refuses to pay the same, a judgment-creditor of the deceased may maintain an action to compel the sale of the mortgaged premises, and the payment of his debt from the proceeds of sale.

APPEAL from a judgment entered upon an order sustaining a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.

*George Miller*, for the appellant.

*William Wickham*, for the respondents.

BARNARD, P. J.:

The facts in this case are brief. Henry Gordon died leaving a will, by which the defendant, Harrison Gordon, was appointed executor. The executor qualified as such, At the time of Henry Gordon's death, Harrison Gordon owed Henry Gordon $1,000, secured by mortgage on lands. The executor, Harrison Gordon, refuses to pay this mortgage. Plaintiff is a judgment-creditor of Henry Gordon, deceased, and this mortgage is the only asset of the estate. The plaintiff asks for a sale of the premises, and for payment of his debt out of the proceeds of sale. I think the complaint states facts sufficient to make a cause of action. This court has jurisdiction of an action for accounting by executors. It has jurisdiction to sell land when the land is properly applicable to the claim of judgment-creditors. In such a case a receiver is never necessary. The creditor may bring his action in his own name. If a receiver is necessary to sell, the judgment in this action will provide for one for that purpose. The defendant may as well be

required to do his duty in this court as in another. The order sustaining the demurrer should be reversed, with costs and disbursements, and the defendant be permitted to answer over in twenty days, on payment of costs.

GILBERT, J., concurred; DYKMAN, J., not sitting.

Order sustaining demurrer reversed, with costs, and demurrer overruled, with leave to answer on payment of costs.